State *v.* Borst.

---

THE STATE *v.* BORST.

[No. 18,339.   Filed October 26, 1899.]

From the DeKalb Circuit Court.   *Appeal dismissed.*

*W. A. Ketcham,* Attorney-General, *Merrill Moores* and *A. Eugene Davis,* for State.

*Frank S. Roby* and *Dan M. Link,* for appellee.

JORDAN, C. J.—The grand jury of DeKalb county, on April 8, 1897, presented to the lower court an accusation against the appellee Borst, then auditor of said county, charging him with being guilty of official misconduct and seeking thereby to impeach him and remove him from office.

The proceedings were instituted under the provisions of an act of the legislature, approved March 8, 1897, entitled "An act for the impeachment and removal of public officers." (Acts 1897, p. 278.) All of the specifications of commission and omission charged against the appellee were expressly alleged to have occurred prior to the enactment of that statute.   Appellee filed objections to each and all these

specifications, which objections the court sustained and dismissed the action, from which judgment the State appeals.

The only question discussed by counsel for the respective parties in this cause relates to the right to impeach appellee and remove him from office, under the provisions of the law in question, for acts committed by him before its passage. His counsel insist that the statute cannot be construed so as to operate retrospectively, as such a construction would render it violative of both the State and federal Constitutions.

The record fully discloses that appellee was elected auditor of DeKalb county in 1894, for a term of four years, beginning November 14, 1894, and that he duly qualified and entered upon the discharge of his official duties on that day. It is evident, therefore, that his term has long since expired, and it must be presumed that he is no longer the incumbent of the office under his election in 1894. Consequently a judgment of removal now, in the event this cause should be reversed and remanded, would be useless and inoperative.

The case, therefore, falls fully within the decision of *Rowe* v. *Bateman, ante*, 633, and, upon the authority of that case, the appeal herein ought to be dismissed. Appeal dismissed.